

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROBERT ROBINSON,**<br>Petitioner,<br>v.<br>**UNITED STATES OF AMERICA,**<br>Respondent. | Case No. CV 08-5267 WDK<br>Case No. CR 06-216 WDK<br>**ORDER DENYING PETITIONER'S PETITION FOR APPOINTMENT OF COUNSEL** |

    The Court has received, read, and carefully considered the papers filed in connection with Petitioner Robert Robinson's Petition for Appointment of Counsel, filed on August 11, 2008.

    Pursuant to 18 U.S.C. § 3006A, the appointment of counsel is at a court's discretion. See 18 U.S.C. § 3006A(a)(2) (providing "[w]henever the United States magistrate or the court determines that the *interest of justice* so require, representation *may* be provided for any *financially eligible person* who...is seeking relief under...section 2255 of title 28" (emphasis added).) The Petition fails for two reasons: 1) Petitioner has not demonstrated that the "interest of justice" requires the appointment of counsel; and 2) Petitioner has not demonstrated that he is a "financially eligible person" warranting the appointment of counsel.

First, In <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 555-56 (1987), the Supreme Court held that the Sixth Amendment right to counsel does not apply to habeas corpus actions. A court may appoint counsel, however, for federal habeas petitioners who are or become unable to afford counsel when the interest of justice so requires. 18 U.S.C. § 3006A(a)(2)(B). In <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983), the Court of Appeals for the Ninth Circuit held that in deciding whether to appoint counsel, a court must evaluate the "likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." A court is not required to appoint counsel if the Petitioner's pleadings demonstrate "that he [has] a good understanding of the issues and the ability to present forcefully and coherently his contentions." <u>LaMere v. Risley</u>, 827 F.2d 622, 626 (9th Cir. 1987). The appointment of counsel is required in very limited situations, such as: 1) when a court determines that counsel is necessary for the effective utilization of discovery procedures; and 2) when a court determines that an evidentiary hearing is required. See <u>Weygandt</u>, 718 F.2d at 954.

Second, the Petition is silent as to Petitioner's current financial situation and fails to establish that he qualifies as a "financially eligible person" for the appointment of counsel under Section 3006A. <u>See</u> 18 U.S.C. § 3006A(a)(2). Petitioner has the burden of demonstrating that he is financially eligible for appointed counsel. <u>See United States v. Ellsworth</u>, 547 F.2d 1096, 1098 (9th Cir. 1975). Petitioner is to submit a *Declaration in Support of Request to Proceed In Forma Pauperis*, Form CV-27, prior to any subsequent petition to appoint counsel pursuant to Section 3006A.

Accordingly, the Court denies the Petition. The Court finds that Petitioner has not established that his Writ of Habeas Corpus is sufficiently complex that the "interest of justice" requires the appointment of counsel. Based on the

presentation of the arguments in Petitioner's Writ of Habeas Corpus, it is evident that he has a good understanding of the issues and the ability to present them coherently. Further, Petitioner has provided no evidence that he qualifies as a "financially eligible person" warranting the appointment of counsel and must submit a *Declaration in Support of Request to Proceed In Forma Pauperis* prior to any subsequent petition for the appointment of counsel under Section 3006A.

The Court grants Petitioner twenty-one (21) days from the date of this Order to submit a Petition for Appointment of Counsel that complies with the above. The Court will rule on the Government's Ex Parte Application for Court Order Declaring Partial Waiver of Attorney-Client Privilege, filed on August 20, 2008, after resolving Petitioner's Petition for Appointment of Counsel. Last, the Government's response date to Petitioner's Section 2255 Motion is extended and will be due on a date to be set by the Court.

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve, by United States mail or by telefax or by email, copies of this Order and a *Declaration in Support of Request to Proceed In Forma Pauperis* form on counsel in this matter.

Dated: 9/12/08

_____
William Keller
United States District Judge